UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRICAL WORKERS PENSION
TRUST FUND OF LOCAL UNION #58,
et al.,

          Plaintiffs,

vs.

          Case No. 07-CV-13338

          HON. GEORGE CARAM STEEH

ACADEMY ELECTRIC, LLC,

          Defendant.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This lawsuit arises out of defendant Academy Electric's alleged failure to pay fringe benefits owing under their collective bargaining agreement in violation of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) and Section 301 of the Labor-Management Relations Act of 1947 as amended (LMRA), 29 U.S.C. § 185 and Article VIII, Section 3 of the Inside Agreement. Now before the Court is plaintiffs' motion for summary judgment. Defendant has not filed a response and the time period for doing so has expired. On May 19, 2008, plaintiffs filed a supplemental brief arguing that since their motion is unopposed, they are entitled to summary judgment. Based on defendant's failure to respond, oral argument is canceled and the court shall decide the matter on the basis of plaintiffs' briefs. For the reasons stated below, plaintiffs' motion shall be granted.

BACKGROUND

This is a suit for breach of the fringe benefit provisions of a collective bargaining agreement (the Inside Agreement) entered into between the defendant, as employer, and Local Union #58 of the International Brotherhood of Electrical Workers (IBEW Local #58). In support of their motion for summary judgment, plaintiffs rely on the affidavit of Thomas Mittelbrun, III, the Administrator of the Electrical Workers Joint Board of Trustees. The facts set forth below are taken from his affidavit.

The collective bargaining agreement between defendant and IBEW Local #58 requires that defendant file reports and pay weekly contributions for pension benefits, vacation benefits, medical benefits, and supplemental unemployment benefits for those employees represented by IBEW Local #58. Plaintiff Funds exercised their right under the collective bargaining agreement to audit the books and records of the defendant. The audit, which covered the period of January 1, 2005 until December 31, 2006, revealed defendant's indebtedness to plaintiffs of $29, 277.06. Mittelbrun wrote to defendant twice asking it to make the payment owing but defendant failed to pay any of the funds owing under the audit. On October 5, 2007, a grievance was filed against the defendant which was referred to the "Joint Labor-Management Committee" established by the collective bargaining agreement. On October 25, 2007, a hearing was held on the grievance. On that same date, the Joint Labor-Management Committee found the defendant guilty of the charges spelled out in the grievance and ordered defendant to pay the full amount of the audit plus additional liquidated damages accrued since the date of the audit, as well as any legal fees incurred by the Funds in attempting to collect for the audit.

The defendant has not paid any portion of the audit. As a result, on March 6, 2006, IBEW Local #58 filed another grievance which was referred to the Joint Labor-Management Committee. The grievance was heard on March 8, 2006. Once again, the defendant was found guilty of the charges against it. The award ordered defendant to submit its fringe benefit reports due and to pay the amounts shown on those reports and to hereafter, file all reports and pay all fringe benefits owing on a timely basis. Defendant has not complied with that award.

Since defendant failed to post an adequate surety bond, on September 25, 2006, IBEW Local #58 filed another grievance which was heard on October 19, 2006. On October 24, 2006, the Joint Labor-Management Committee found defendant guilty of the charges against it and ordered defendant to secure a surety bond in the amount set forth in the collective bargaining agreement. Defendant has posted a surety bond in the amount of $10,000 but the agreement requires an $11,000 bond.

According to the First Amended Complaint (Exhibit K), the Joint Labor-Management Committee issued a third award on November 1, 2007 which ordered defendant to pay $29,277.06 in contributions and liquidated damages which an audit determined it owed for the years 2005 and 2006.

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The

Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a
4

mere scintilla of evidence supporting the non-moving party.  Anderson, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

ANALYSIS

Labor arbitration awards are to be enforced to prevent industrial disruption. United Steelworkers v. Warrior Gulf Nav. Co., 363 U.S. 574, 577-78 (1960).  "Courts are bound by the arbitrator's finding of fact and do not function as appellate courts, but serve only to enforce the arbitrator's award."  International Broth. of Elec. Workers, Local 429 v. Toshiba America, Inc., 879 F.2d 208, 209 (6th Cir. 1989) (citations omitted).

Defendant has not timely paid all contributions and has not posted an adequate bond.  The parties adjudicated their dispute through the grievance procedure provided for in their collective bargaining agreement which resulted in three awards of the Joint Labor-Management Committee.  The first award was issued on March 23, 2006 and required defendant to submit all missing reports, and contributions with accrued liquidated damages, and to timely submit reports and contributions in the future. According to the affidavit of Thomas Mittelbrun, defendant still owed $4,391.32 in unpaid liquidated damages to the Electrical Workers Joint Boards of Trustees (consisting of all plaintiffs but the National Electrical Benefit Fund).  Plaintiffs also allege that defendant owes $1,197 in liquidated damages and $257.06 in shortages to the National Electrical Benefit Fund, plus reports and contributions from October, 2007 to the present.

In the second award issued by the Joint Labor-Management Committee,

5

defendant was ordered to post a surety bond in the amount required by the collective bargaining agreement. Defendant has posted a bond in the amount of $10,000 instead of the $11,000 owing. Finally, on November 1, 2007, defendant was ordered to pay $29,277.06 in contributions and liquidated damages which an audit found were owing for years 2005 and 2006. The Court finds that the three awards of the Joint Labor-Management Committee must be enforced.

Plaintiffs also argue that they are entitled to their attorney fees and costs in bringing this lawsuit under ERISA, 29 U.S.C. § 1132(g)(2) and under the terms of the collective bargaining agreement itself. Having prevailed on the merits, plaintiffs are entitled to their reasonable attorney fees and costs.

Accordingly,

IT IS ORDERED that plaintiffs' motion for summary judgment (Documents #15 and 17) hereby is GRANTED.

IT IS FURTHER ORDERED that the March 23, 2006 award of the Labor-Management Committee hereby is ENFORCED and defendant must comply with that order by submitting the fringe benefit reports due to the date of this decision, must pay the amounts shown on those reports as due, including liquidated damages, and must hereafter file all reports and pay all fringe benefit contributions on a timely basis as required by the collective bargaining agreement.

IT IS FURTHER ORDERED that the October 24, 2006 award of the Labor-Management Committee hereby is ENFORCED and defendant must secure a surety bond in an amount as set forth in the Schedule provided in Article VIII, Section 6(B) of the collective bargaining agreement.

IT IS FURTHER ORDERED that the November 1, 2007 award of the Labor-Management Committee hereby is ENFORCED and defendant must comply with that award by paying the full amount of the December 28, 2006 audit, $29,277.06 in contributions, and accrued liquidated damages, and must pay legal fees incurred by the Funds in attempting to collect for this audit as provided in Article VIII, Section 3 of the collective bargaining agreement.

IT IS FURTHER ORDERED that plaintiffs' costs and attorneys' fees incurred in bringing and prosecuting this action hereby are AWARDED.


Dated:  June 3, 2008

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 3, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Deputy Clerk

---